NELSON BAIRD, Plaintiff and Defendant, v. ARCHIE L. REMOIR, Sr. Defendant and Respondent.

No. 11861.
Submitted Jan. 11, 1971.
Decided Feb. 1, 1971.
480 P.2d 186.

Gille V. Wooten argued, Missoula, for plaintiff and appellant.

Mulroney, Mulroney & Delaney, Dexter L. Delaney argued, Patterson & Marsillo, Lino A. Marsillo argued, Missoula, for defendant and respondent.

MR. JUSTICE CASTLES delivered the opinion of the court.

This is an appeal from a summary judgment for defendant.

On April 18, 1967, Nelson Baird, plaintiff and appellant, was injured while excavating a trench. At the time of the accident he was employed by Ace Equipment Company. He made claim for workmen's compensation and received some $2,100 in bene-

fits and a lump sum settlement of $10,000 for his injuries. He then brought an action against the owners of the real property upon which the construction was being carried out, the Four B's Restaurants, Inc., which was having the building erected, and the subcontractors. Dismissal of that suit was affirmed by this Court in Baird v. Chokatos, Mont. 473 P.2d 547.

Baird then brought this action against Archie L. Remoir, Sr., individually, for the same injuries. Remoir is the owner of 98% of the stock of Ace Equipment Company. The remaining stock was owned by immediate members of Remoir's family for purposes of qualifying under the old Montana Corporation Act. Remoir was president of the company, a director, and superintendent of its projects. Remoir personally ran the company and for all practical purposes it was a sole proprietorship. He was Baird's boss and his employer, except insofar as the corporate structure was the employer. However, Baird claims that Remoir was a fellow employee; and, as such was susceptible to suit under section 92-204, R.C.M.1947, prior to July 1, 1969.

For the purpose of this opinion, we shall accept claimant Baird's version that he was suing a fellow employee for an alleged tort.

In Madison v. Pierce, 156 Mont. 209, 478 P.2d 860, this Court held that the Workmen's Compensation Act granted immunity to coemployees. This holding applies here.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, DALY and HASWELL concur.