KAISER ET AL., APPELLANTS, *v.* STRALL, APPELLEE.

[Cite as Kaiser *v.* Strall (1983), 5 Ohio St. 3d 91.]

(No. 82-781—Decided May 25, 1983.)

*Messrs. Wagoner, Steinberg, Chinnis & Dorf, Mr. John F. Potts, Mr. Charles V. Contrada* and *Mr. Harold M. Steinberg,* for appellants.
*Messrs. Eastman & Smith* and *Mr. M. Donald Carmin,* for appellee.

LOCHER, J. Appellants herein ask us to determine whether a party who has been injured as a result of a fellow employee's misfeasance and whose injury has been ruled to be compensable under the workers' compensation statutes may thereafter attempt to enforce a common-law remedy against the co-employee. Though the instant action presents what is, for this court, a novel question, the answer to this query may be readily gleaned from even the most perfunctory review of the applicable statute. Notwithstanding the fact that appellant has yet to cash the benefit checks the commission awarded her, the mere allowance of the claim forecloses her assertion of any additional legal or statutory remedies in the instant action.

R.C. 4123.741 provides:

"No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or con-

tracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

The commission concluded that appellant's injury was "compensable" under the relevant sections of the workers' compensation law. Thus, the very language of R.C. 4123.741 proscribes the maintenance and continuation of appellants' civil action against appellee. The applicable statutory provision is neither ambiguous nor confusing. It is not, therefore, this court's duty to interpret the statute; we need only apply its explicit decree.[1] *Crowl* v. *DeLuca* (1972), 29 Ohio St. 2d 53, 58-59 [58 O.O.2d 107]; *Allen* v. *Tressenrider* (1905), 72 Ohio St. 77, 90; *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621.

Nonetheless, despite the straightforward wording of R.C. 4123.741, appellants insist that we indulge in alchemy to fashion an exception for those claimants who, by not negotiating their workers' compensation benefit checks, try to reject any benefits inuring from the commission's award. Appellants' argument fails for several reasons. First, appellant has indeed retained certain benefits, regardless of her refusal to cash the proffered checks, as the commission paid the medical bills which she incurred as a result of the accident. More importantly, however, the language of the statute renders her disposition of the warrants on the Workers' Compensation Fund inconsequential. An injury need only be found "compensable" for fellow-employee immunity to be activated. R.C. 4123.741 does not require that the claimant retain the benefits of the workers' compensation award for immunity to attach.

Appellants further assert that R.C. 4123.741, as applied herein, denies them access to the courts and due process of law in contravention of both the United States and Ohio Constitutions. This contention is particularly mystifying, given the fact that its very adoption would abrogate a provision of the Ohio Constitution. Section 35, Article II, thereof empowers the state to establish a fund which shall comprise the exclusive source of compensation for all injuries arising during the course of the injured worker's employment.[2] Moreover, the provision also grants the state authority to

---

[1] Courts in other jurisdictions have similarly applied their fellow-employee immunity statutes. See *Kandt* v. *Evans* (Colo. 1982), 645 P. 2d 1300; *Jackson* v. *Hutchinson* (Ky. 1970), 453 S. W. 2d 269; *Connolly* v. *Miron* (Mass. 1968), 233 N. E. 2d 753; *Fidelity & Cas. Co. of New York* v. *DeShone* (1971), 384 Mich. 686, 187 N. W. 2d 215; *Baird* v. *Remoir* (Mont. 1971), 480 P. 2d 186; *Howard* v. *Eighth Judicial Dist. Ct.* (Nev. 1982), 640 P. 2d 1320; *Wellenheider* v. *Rader* (1967), 49 N. J. 1, 227 A. 2d 329; *Doyle* v. *Jennings* (1970), 26 N. Y. 2d 957, 310 N. Y. Supp. 2d 512; *Altman* v. *Sanders* (1966), 267 N. C. 158, 148 S. E. 2d 21; *Apple* v. *Reichert* (1971), 443 Pa. 289, 278 A. 2d 482; *Young* v. *Warr* (1969), 252 S. C. 179, 165 S. E. 2d 797; *Eisnaugle* v. *Booth* (W. Va. 1976), 226 S. E. 2d 259.

[2] Section 35, Article II of the Ohio Constitution, provides, in pertinent part:
"For the purpose of providing compensation to workmen and their dependents, for death, in-

establish a board which shall determine the right of claimants to participate in the fund. As the commission is the body cloaked with exclusive authority to compensate workers for work-related injuries, its determination, like that in the case at bar, that an injury was occasioned during the course of the claimant's employment must—subject to the appropriate appeals process—be honored.

Appellants' real dissatisfaction, however, with the summary dismissal of their civil action does not lie in any genuine concern that their constitutional rights have been violated. What appellants actually seek is this court's approbation permitting them to assert before an administrative body that the subject injury is within its jurisdiction, argue the opposite to invoke the authority of a common-law tribunal, and then be free to pick the best offer. Our system for legal redress of injuries is not a shopping mart, however. A claimant must frequently make a binding choice between alternative forms of relief. Indeed, by electing to seek a potentially preemptive administrative remedy, appellant herein voluntarily jeopardized her right to have her claim adjudicated in a civil proceeding.

For us to accept appellant's arguments would be to countenance duplicative, wasteful litigation. We refuse such an entreaty. This court joins with those in other jurisdictions that, faced with the same issue, have concluded that claimants enjoy no prerogative, constitutional or otherwise, to choose between workers' compensation and common-law remedies where the former has been legislatively deemed to provide the exclusive means of recovery. See *Collier* v. *Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N. E. 2d 198; *Olson* v. *American Oil Co.* (D.N.D. 1978), 474 F. Supp. 560; *Kowcun* v. *Bybee* (1947), 182 Ore. 271, 186 P. 2d 790.

Thus, we hold that a party who is injured as a result of a co-employee's negligent acts, who applies for benefits under Ohio's workers' compensation statutes, and whose injury is found to be compensable thereunder is precluded from pursuing any additional common-law or statutory remedy against such co-employee.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN, and J.P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.

---

juries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease * * *. Laws may be passed establishing a board which may be empowered * * * to collect, administer and distribute such fund, and to determine all rights of claimants thereto. * * *''