THIEL ET AL., APPELLEES, *v.*
ALLSTATE INSURANCE COMPANY, APPELLANT.

[Cite as Thiel *v.* Allstate Ins. Co. (1986), 23 Ohio St. 3d 108.]

(No. 85-1162—Decided April 16, 1986.)

*Bobulsky, Gervelis & Grdina* and *William P. Bobulsky,* for appellees.

*Squire, Sanders & Dempsey, Richard W. McLaren, Jr., Frank A. DiPiero, Sonnenschein, Carlin, Nath & Rosenthal, Jeffrey Lennard* and *Steven M. Levy,* for appellant.

DOUGLAS, J. The sole issue in this case is whether R.C. 4123.741, which creates fellow-employee immunity against liability, prevents an insured from recovering damages under the uninsured motorist provisions of his insurance policy. For the reasons set forth below, we answer this inquiry in the negative.

This court is called upon to interpret the meaning of the phrase "legally entitled to recover" as used in R.C. 3937.18(A)(1)[1] and in the automobile insurance policy at issue in this case.[2] Appellant maintains that pursuant

---

[1] R.C. 3937.18(A)(1) states:

"Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder *who are legally entitled to recover* damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom." (Emphasis added.)

[2] The insurance policy at issue provides, in relevant part:

to R.C. 4123.741 and Section 35, Article II of the Ohio Constitution, as construed by this court in *Kaiser* v. *Strall* (1983), 5 Ohio St. 3d 91, appellees are not legally entitled to recover from Winchester and, therefore, are not eligible for compensation under the terms of the insurance policy issued by appellant. In *Kaiser, supra,* this court held in the syllabus:

"A party who is injured as a result of a co-employee's negligent acts, who applied for benefits under Ohio's workers' compensation statutes, and whose injury is found to be compensable thereunder is precluded from pursuing any additional common-law or statutory remedy against such co-employee. (Section 35 of Article II of the Ohio Constitution and R.C. 4123.741, construed.)"

Accordingly, appellant argues that appellees' successful workers' compensation claim gave rise to Winchester's statutory immunity from suit and barred appellees from any legal entitlement to recover from him. Therefore, appellant asserts that it is not obligated to pay appellees pursuant to statute or under the terms of the policy.

Appellant relies heavily upon this court's holding in *York* v. *State Farm Fire & Cas. Co.* (1980), 64 Ohio St. 2d 199, 202 [18 O.O.3d 412], to wit:

"* * * The uninsured motorist coverage is to apply only in those situations in which the 'lack of liability insurance' is the reason the claim goes uncompensated, and not when the claim goes uncompensated because of the lack of liability due to the substantive laws of Ohio." (Emphasis deleted.)

In *York, supra,* plaintiffs were injured when a city-owned fire truck, responding to an emergency call, collided with their vehicle. The city denied legal liability for plaintiffs' claims, pursuant to R.C. 701.02, which grants immunity to members of the fire department while responding to an emergency. The plaintiffs' insurer also denied a subsequent claim filed by plaintiffs for uninsured motorist coverage, based upon policy language which provided that the insurer would "* * * pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle * * *." This court held that the insurer was not liable, reasoning at 202-203 that "* * * [t]he fact that appellees were not capable of recovering in any event due to the city's immunity is dispositive of this cause." Appellant, in the case now before us, contends that, as in *York,* Winchester's immunity is dispositive. We disagree for several reasons.

First, we note that although, at first glance, *York* appears to support appellant's position, *York* is distinguishable. Unlike the immunity in *York,*

---

"We will pay damages for bodily injury, sickness, disease or death *which a person insured is legally entitled to recover* from the owner or operator of an uninsured auto. Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto." (Emphasis added.)

the immunity in the case *sub judice* is conditional. That is, a fellow-employee tortfeasor becomes immune from direct suit only if and when his injured fellow employee successfully files a claim for workers' compensation benefits. Therefore, but for appellees' successful filing of their claim for workers' compensation, Winchester would have been liable and appellees would have been legally entitled to recover from him. At no time were the plaintiffs in *York* eligible to recover from the firemen tortfeasors. Second, R.C. 3937.18, in addition to mandating the offering of uninsured motorist coverage, also expressly prohibits the exclusion or reduction of benefits payable under said coverage "because of any workers' compensation benefits payable as a result of the same injury or death." R.C. 3937.18(F). Thus, although this court recognizes that the statutory immunity provided by 701.02 can serve as a defense for an insurer against a claim for uninsured motorist coverage, the immunity applicable to a fellow employee, pursuant to R.C. 4123.741, is not likewise transferable. To allow such an analogous transfer of immunity would require this court to dismiss the fact that there is no language in the Revised Code compromising R.C. 701.02 and would require us to ignore a fundamental rule of statutory construction. As stated in 50 Ohio Jurisprudence 2d (1961) 189-191, Statutes, Section 216:

"It is a fundamental rule of statutory construction that sections and acts in pari materia, that is, 'in relation to the same matter, subject or object,' should be construed together. * * * [S]tatutes relating to the same or similar subject matter * * * should, where a case calling for the application of both is presented, be read together as if they were a single statute, and both should be reconciled, harmonized, and made to apply, and given meaning and effect, so as to render their contents operative and valid * * *. * * * [T]he various statutory provisions affecting a particular subject should be construed and applied so as to accomplish the manifest purpose of their enactment and give full force and effect to the legislative intent."

It is clear to this court that by enacting R.C. 4123.741, the legislature intended that a fellow-employee tortfeasor enjoy immunity from liability where his injured fellow employee successfully elects to avail himself of workers' compensation benefits. However, it is equally clear that the legislature intended that plaintiffs' entitlement to, or receipt of workers' compensation benefits not dilute or extinguish his rights to benefits payable under the uninsured motorist provisions of his policy. Therefore, to reconcile these statutes and their legislative intents, and considering the language of R.C. 3937.18(F), the determination that an injured fellow employee is not "legally entitled to recover" uninsured motorist coverage pursuant to R.C. 3937.18(A)(1) cannot be based upon the conditional immunity which arises under R.C. 4123.741.

The decision herein is consistent with this court's view that the compensation provided by the Workers' Compensation Act is in the nature of

an occupational insurance and, like benefits from other types of insurance, cannot be deducted and treated as an offset for claims for damages for wrongful injury or death. *Pryor* v. *Webber* (1970), 23 Ohio St. 2d 104, 108 [52 O.O.2d 395].

Accordingly, and for the reasons set forth above, the decision of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. In the present case, appellees seek to maintain a suit against Allstate Insurance Company, the decedent's own insurance carrier, under the uninsured motorist provision of his policy for the negligent acts of a fully insured co-worker. Allstate, like the co-worker's insurance company, Grange Mutual Casualty Company, asserts statutory immunity from liability. Allstate claims immunity predicated on two statutory provisions, R.C. 3937.18(A)(1) and 4123.741. R.C. 3937.18(A)(1) states that uninsured motorist coverage shall be included in every automobile insurance policy "for the protection of persons insured thereunder *who are legally entitled to recover damages* from owners or operators of *uninsured* motor vehicles * * *." (Emphasis added.)

R.C. 4123.741 provides, in pertinent part, that:

"No employee of any employer * * * shall be liable * * * for any injury * * * received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment * * * on the condition that such injury * * * or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

It is admitted that decedent's injury was found compensable under the workers' compensation statutes and that the co-employee is immune from liability for his negligence under R.C. 4123.741. Since the co-employee was fully insured, and because there is no legal entitlement to a damages recovery, then recovery under the uninsured motorist provision should clearly have been foreclosed by R.C. 3937.18(A)(1).

Obviously applicable to the present case, *York* v. *State Farm Fire & Cas. Co.* (1980), 64 Ohio St. 2d 199, 202 [18 O.O.3d 412], stated that: "The intent and thrust of R.C. 3937.18 is not to provide coverage in all situations that might otherwise go uncompensated; rather, the uninsured motorist provision applies only when there is a *lack of liability insurance.* The insurance policy and, more importantly the statute, are not implemented when there is a *lack of liability* due to immunity." The crucial factors in that case were that the vehicle was not uninsured, *i.e.,* there was an insurance policy in effect, and that there was no legal entitlement to

recover from the city. Because these same factors are present in the case before us, the same result should follow.

The majority asserts two rationales to explain why *York* should not apply herein. First, it is asserted that there is a difference between the immunity provided in *York* under R.C. 701.02(B), which is labeled "absolute immunity," and the immunity provided under workers' compensation in conjunction with R.C. 4123.741, which is labeled "conditional immunity." Second, R.C. 3937.18(F), which provides that "[t]he coverages required by this section shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury or death," is said to intervene and prevent the "transfer" of R.C. 4123.741 immunity from the negligent co-worker to any other insurance company. As shall be demonstrated, the distinctions asserted are unable to withstand analysis.

The claimed dichotomy between the so-called absolute immunity in *York* and the "conditional immunity" under R.C. 4123.741 is surely a distinction without any difference. All statutory immunities are, at some point, "conditioned" upon the actions of the parties. In *York,* there needed to be some determination that the city vehicle was indeed on an emergency run before the issue of immunity was foreclosed as a matter of law by R.C. 701.02(B). Likewise, in the case here, immunity under R.C. 4123.741 is "conditioned" upon a determination that the co-employee is entitled to workers' compensation. At the point when the immunity is obtained, there is nothing at all conditional about it. Any claim filed after such immunity is established is ineffective against the party so protected. Furthermore, the majority does not explain, nor is it at all apparent, why conditionality of immunity should make the slightest bit of difference in the case before us.

In order to observe "a fundamental rule of statutory construction," we are invited, via the majority's *in pari materia* analysis, to conclude that R.C. 3937.18(F) "expressly prohibits the exclusion or reduction of benefits payable" due to a workers' compensation award. It is immediately apparent that the majority treats subsection (F) as a general prohibition, in conflict with the express grant of immunity provided in R.C. 4123.741. The only means found of reconciliation is to broadly strip insurers of the immunities which they, through subrogation, have a legal right to depend upon. Unfortunately, there was never any conflict between the two statutes or their underlying legislative intent.

R.C. 3937.18 applies, in clear, precise terms, to "automobile liability or motor vehicle liability polic[ies] of insurance * * * [which are] delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state * * *." What follows are provisions to be included in the policies so issued, *i.e.,* uninsured and underinsured motorist coverages. The subsections (B), (F) and (G) clearly apply to such policies and not to statutory immunities. That this is so is evidenced by their references to "coverages" mandated to be provided in policies of insurance by R.C. 3937.18.

The phrase "shall not be made subject to an exclusion or reduction in amount" in R.C. 3937.18(F) also indicates the legislative intent to apply this subsection to insurance provisions only. The term "immunity" is utilized to describe the protections which statutorily withhold liability and thereby protect a particular class, whether under workers' compensation or a particular tort theory. Neither of the terms "exclusion" or "reduction" is ever utilized to describe such statutory protections. No statute anywhere provides for a "reduction" in insurance on account of a workers' compensation recovery. On the other hand, in the context of insurance policies, the term "exclusion" is commonly utilized and readily understood to refer to limitations on the scope of coverage in a particular policy. The same may be said for the term "reduction in amount." Therefore, the meaning of this statute, plain upon its face, is that there can be no provision in uninsured or underinsured coverages which creates an exclusion to, or reduction in, amount of coverage because of a workers' compensation award. This has nothing whatsoever to do with the immunity provided under R.C. 4123.741.

Since the reasons asserted to distinguish *York* are inapplicable, it follows that *York,* in conjunction with *Kaiser* v. *Strall* (1983), 5 Ohio St. 3d 91, has already determined the appropriate legal standards. Most recently, *York* was reaffirmed in *Sumwalt* v. *Allstate Ins. Co.* (1984), 12 Ohio St. 3d 294. In that case, *York* was found inapplicable because there was no statutory immunity. Also, the eleven-year-old alleged tortfeasor was, in fact, an uninsured motorist. The present case, as previously mentioned, involves fully insured parties who have statutory immunity from suit. Consequently, as in *Kaiser,* it may be said that "[t]he applicable statutory provision[s] * * * [are] neither ambiguous nor confusing. It is not, therefore, this court's duty to interpret the statute; we need only apply its explicit decree." *Id.* at 93. R.C. 3937.18(A)(1) most clearly provides that an insurer is free from the obligation to provide uninsured motorist coverage when the insured is not "legally entitled to recover damages * * *."

It is a universal legal maxim that an insurance company must be able to assert the same defenses as the party for whose injurious actions it is requested to provide compensation. The majority now places this court on record for the first time as refusing to allow insurance companies to assert the very same rights and defenses available to the person whose alleged negligence they are required to indemnify. This obvious attack on the doctrine of legal subrogation effectively forces the insurer to compensate for the mere showing of an injury, instead of being able to stand in the legal shoes of the person whose debt it is forced to pay.

Moreover, the normal rules of uninsured motorist claims are selectively suspended in this case. One in Allstate's position who is forced to pay an uninsured motorist claim would normally be able by subrogation to seize the assets of those whose actions cause the injury. Here, however, Allstate will be forced to bear the entire loss by itself since the statutory

immunity which was forbidden to Allstate is still fully available to protect the negligent co-employee and his insurer, Grange Mutual. I cannot agree with such unjust results, and therefore dissent.

LOCHER and WRIGHT, JJ., concur in the foregoing dissenting opinion.