HARBIN, APPELLANT, *v.* OHIO DEPARTMENT OF MENTAL HEALTH, APPELLEE.

(No. 87AP-1194 — Decided March 29, 1988.)

*Larry R. Zingarelli,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Elizabeth Tarpy,* for appellee.

McCORMAC, J.    Sharon Harbin, plaintiff-appellant, filed a claim against the Ohio Department of Mental Health, defendant-appellee, in the Ohio Court of Claims seeking damages for negligence or intentional emotional distress allegedly caused her by the actions of her supervisor at the Cambridge Mental Health Center.

The state of Ohio filed an answer containing denials and certain affirmative defenses. Plaintiff was then ordered to file a statement of connected actions. In compliance therewith, plaintiff stated that a workers' compensation claim had been filed. The state of Ohio then moved the court to stay the action on the basis that the determination of the workers' compensation case may be dispositive of the action in the Court of Claims. Instead, the Court of Claims dismissed the action on the sole basis that filing a claim for workers' compensation barred plaintiff from pursuing a remedy in the Court of Claims against her employer based on the actions of her co-employee.

Plaintiff has appealed, asserting that the Court of Claims erred in dismissing the action since the action would be subject to dismissal only if the Bureau of Workers' Compensation found the injury to be compensable. Plaintiff alleges, without support in the record, that her claim has subsequently been found not to be compensable under Ohio workers' compensation laws.

In *Kaiser* v. *Strall* (1983), 5 Ohio St. 3d 91, 5 OBR 143, 449 N.E. 2d 1, syllabus, the Ohio Supreme Court held as follows:

"A party who is injured as a result of a co-employee's negligent acts, who applied for benefits under Ohio's workers' compensation statutes, and whose injury is found to be compensable thereunder is precluded from pursuing any additional common-law or statutory remedy against such co-employee. (Section 35 of Article II of the Ohio Constitution and R.C. 4123.741, construed.)"

The correct procedure of the Court of Claims was to stay the action, pending a determination by the Ohio Bureau of Workers' Compensation of whether the claim was compensable, rather than dismissing it since common-law and statutory remedies for damages are precluded only if the claim is compensable. The filing of an application for workers' compensation benefits does not *per se* bar the injured employee from seeking common-law or statutory damages against a co-employee.

Plaintiff's assignment of error is sustained. The judgment of the Court of Claims is reversed and the cause is remanded for further proceedings consistent with this memorandum decision.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and YOUNG, J., concur.