KELBLEY et al., Appellees,

v.

HURLEY, Appellant.

[Cite as *Kelbley v. Hurley* (1994), 94 Ohio App.3d 409.]

Court of Appeals of Ohio,
Seneca County.

No. 13-93-43.

Decided April 19, 1994.

*Steve Shuff & Associates* and *Steve C. Shuff,* for appellees.

*Kennedy, Purdy, Hoeffel & Gernert* and *Paul E. Hoeffel,* for appellant.

EVANS, Judge.

This is an appeal by Blanche E. Hurley from a judgment of the Common Pleas Court of Seneca County finding her liable for injuries sustained by the plaintiff, Pamela M. Kelbley.

Pamela Kelbley ("plaintiff-appellee") and Blanche Hurley ("defendant-appellant") were nurses employed by Mercy Hospital in Tiffin. On December 5, 1988, they and two other employees attended a seminar on a new drug. Appellant drove the group to and from the seminar in her car. While en route back to Tiffin, they were involved in an accident and appellee was injured. Appellee filed a claim for workers' compensation, which was approved and paid. Subsequently, she filed a civil suit against appellant, alleging her injuries were proximately caused by appellant's negligence. Appellant denied the allegations in the com-

plaint and asserted the defense of fellow-employee's immunity from suit pursuant to R.C. 4123.741.[1]

On March 11, 1991, appellant filed a motion for summary judgment asserting the fellow-employee defense. The trial court denied the motion, finding an issue of material fact existed in whether appellee's injuries were sustained in the course of her employment. The case was scheduled for trial on March 12, 1992. This date was continued, however, to allow for additional summary judgment motions to be filed. Appellant filed a second motion, which was also denied. The court again found that reasonable minds could differ in determining whether appellee's injuries were sustained in the course of her employment.

A jury trial was scheduled for January 14, 1993. At that time, appellant stipulated she was negligent in causing the accident, but claimed she was not liable to pay for appellee's injuries because she was granted immunity from suit by a fellow employee pursuant to R.C. 4123.741. The trial court determined liability against appellant and precluded her from presenting her defense by ruling that any evidence of the workers' compensation claim was inadmissible.

Appellant appealed. However, the judgment was not final because the issue of damages was left unresolved. See *Fireman's Fund Ins. Co. v. BPS Co.* (1982), 4 Ohio App.3d 3, 4 OBR 23, 446 N.E.2d 181. Consequently, this court dismissed the appeal for lack of jurisdiction.

On August 13, 1993, the issue of damages was tried to a jury, which returned a verdict for appellee in the amount of $24,000. The jury also found appellee's husband was entitled to $3,000 for his loss of consortium.

From this judgment, appellant perfected the instant appeal, asserting one assignment of error as follows:

"The trial court erred in not applying R.C. 4123.741 [Fellow Employees' Immunity from Suit] and the law set forth in *Kaiser v. Strall* (1983), 5 Ohio St.3d 91 [5 OBR 143, 449 N.E.2d 1], to find that the plaintiffs could not pursue a common law negligence action against the defendant, a co-employee."

In *Kaiser v. Strall* (1983), 5 Ohio St.3d 91, 5 OBR 143, 449 N.E.2d 1, the Supreme Court of Ohio refused to allow a worker, whose injury had been found

---

1. R.C. 4123.741 provides:

"No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

compensable under Ohio's workers' compensation statutes, to pursue a civil action against her fellow-employee who had caused the injury. The court held that the fellow-servant immunity conferred by R.C. 4123.741 precluded a common-law negligence action. The syllabus law pronounced in *Kaiser* reads:

"A party who is injured as a result of a co-employee's negligent acts, who applied for benefits under Ohio's workers' compensation statutes, and whose injury is found to be compensable thereunder is precluded from pursuing any additional common-law or statutory remedy against such co-employee."

"Common-law damages are clearly unavailable under R.C. 4123.741 for injuries negligently inflicted by a co-employee in the course of employment." *Jones v. VIP Dev. Co.* (1984), 15 Ohio St.3d 90, 100, 15 OBR 246, 255, 472 N.E.2d 1046, 1055. The intent of workers' compensation is to bar claims against fellow employees by a co-employee who has previously been compensated and made whole.

■ There is no dispute in the instant case that appellant and appellee were co-employees at the time of the accident. Similarly, there can be no dispute that the Bureau of Workers' Compensation found the injury to be compensable, inasmuch as the bureau paid appellee's claim. The fact that the bureau paid the claim also means the bureau was of the opinion the injury occurred in the course of appellee's employment.

The trial court's journal entry finding liability against appellant fails to explain the reasoning for this decision. We are, however, able to glean from the record that the trial court was of the opinion appellee's workers' compensation claim was improvidently allowed. For example, in the court's entry denying appellant's second motion for summary judgment, the court cited *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661, for the proposition that an employee with a fixed place of employment who is injured while traveling to or from employment is not entitled to receive workers' compensation because the requisite causal connection between the injury and the employment does not exist. The trial court was apparently of the opinion appellee's injury was not work-related, despite the finding by the Bureau of Workers' Compensation that it was compensable.

■ R.C. 4123.741 provides that the immunity provided to a fellow employee for negligently causing injury is conditioned on the injury being "found" compensable under R.C. 4123.01 to 4123.94, inclusive. Thus, the issue for our determination necessarily becomes one of deciding whether the trial court may substitute its judgment for that of the Bureau of Workers' Compensation and make the "finding" that a claimant's injury is not compensable under the workers' compen-

sation statutes. We conclude this "finding" is properly made by the Bureau of Workers' Compensation and not the trial court.

First, in *Kaiser, supra,* the Supreme Court found R.C. 4123.741 to be neither ambiguous nor confusing. The court also noted Section 35, Article II of the Ohio Constitution empowered the state to establish a board to determine the right of claimants to participate in the Workers' Compensation Fund and stated: "As the commission is the body cloaked with exclusive authority to compensate workers for work-related injuries, its determination * * * that an injury was occasioned during the course of the claimant's employment must * * * be honored." *Id.,* 5 Ohio St.3d at 94, 5 OBR at 145, 449 N.E.2d at 3. See, also, *Harbin v. Ohio Dept. of Mental Health* (1988), 47 Ohio App.3d 99, 547 N.E.2d 385 (Court of Claims should have stayed the action pending a determination by the Bureau of Workers' Compensation of whether the injured employee's claim was compensable).

Second, R.C. 4123.741 affords immunity for injuries sustained in the course of and arising out of the injured employee's employment, which injury is found compensable under R.C. 4123.01 to 4123.94. Because these sections include rules governing the procedure by which a workers' compensation claim is to progress, it is only logical that the finding must occur within that procedural framework. *Moses v. Budd Co.* (Dec. 3, 1993), Wood App. No. 92WD041, unreported, 1993 WL 496639.

Finally, in *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 562 N.E.2d 132, the Supreme Court held that uninsured motorist coverage was unavailable where the tortfeasor is a fellow-employee entitled to immunity under R.C. 4123.741. The employee in *Webb* was injured by the negligent driving of a co-worker whose insurer asserted the defense of fellow-employee immunity and refused to pay Webb's claim. Webb then sought recovery under his own uninsured motorist policy issued to him by State Farm, who instituted a declaratory judgment action. The Supreme Court concluded Webb could not recover under his policy because R.C. 4123.741 barred him from recovering from his negligent co-employee. The court stated that the fellow-employee's immunity is conditioned upon a determination that the injured employee is entitled to workers' compensation. *Id.* at 63, 562 N.E.2d at 134, quoting *Thiel v. Allstate Ins. Co.* (1986), 23 Ohio St.3d 108, 113, 23 OBR 267, 271–272, 491 N.E.2d 1121, 1124–1125 (Holmes, J., dissenting). The court concluded that once the fellow-employee immunity was established, any subsequent uninsured motorist claim filed by Webb was precluded because Webb was not legally entitled to a recovery from the tortfeasor. From this language we conclude that the remedy normally provided by an injured person's uninsured motorist coverage is unavailable if the Bureau of Workers' Compensation finds the injury, caused by the negligent driving of a fellow employee, to be compensable.

In the instant case, the Bureau of Workers' Compensation found appellee's injuries were sustained in the course of her employment and paid her claim. She is therefore precluded from pursuing a common-law remedy of negligence against her fellow employee.

Appellant's assignment of error is well taken.

Having found error prejudicial to the appellant herein, we reverse the judgment of the trial court. The jury award is vacated. The cause is remanded to the trial court with instructions to enter judgment in appellant's favor and to assess costs accordingly.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT and HADLEY, JJ., concur.