DECISION AND JUDGMENT ENTRY
This is an appeal from the declaratory judgment of the Lucas County Court of Common Pleas granting summary judgment in favor of appellee, All America Insurance Company ("America"), and denying the motion for summary judgment filed by appellant Gregory A. Levans. For the following reasons we affirm the decision of the trial court.
In March 1997, Levans and Troy D. Scott were in Tennessee on behalf of their company, Matrix Technologies, Inc. ("Matrix"). On Saturday, March 1, 1997, Levans and Scott finished their work, a day ahead of schedule. Levans and Scott attempted to obtain a return flight home on Saturday, but were unsuccessful. Levans and Scott then drove to Knoxville (approximately one hour from their hotel), in the car rented by Levans as part of the business trip, and had dinner. They then proceeded to go to clubs in the Knoxville area. Around 1:30 to 2:00 a.m., on March 2, 1997, they were returning to their hotel in Newport when Levans lost control of his vehicle. Both Levans and Scott were injured. Levans made a claim for workers' compensation, Scott did not. On Levans' injury report, Matrix responded, "The employee was not in the course of business at the time of the accident; he was returning from dinner with another employee." Levans' claim was allowed by the Bureau of Workers' Compensation ("BWC").
Scott sued Levans for his injuries. Levans filed a third-party complaint against Matrix's insurance company, All America Insurance Company, a Central Insurance Company, ("All America") and the rental car company's insurance companies, Liberty Mutual Insurance Company ("Liberty Mutual") and Motorent, Inc. ("Motorent"). Levans was insured personally by American Select Insurance Company, a Westfield Company, ("American Select"). Scott's claims against Levans were settled and dismissed. Levans' claims against Liberty Mutual and Motorent were also settled and dismissed. The remaining issue before the trial court to be decided was the declaratory judgment action between Levans and All America.
Both Levans and All America filed motions for summary judgment. All America argued that, although Levans and the rented vehicle would otherwise have been covered, it did not owe Levans a duty to defend or indemnify based on the following exclusions contained in its policy:
"This insurance does not apply to any of the following:
* * *
"3. WORKERS' COMPENSATION
 Any obligation for which the `insured' or the `insured's' insurer may be held liable under any Workers' Compensation, disability benefits or unemployment compensation law or any similar law.
* * *
"5. FELLOW EMPLOYEE
 `Bodily injury' to any fellow employee of the `insured' arising out of and in the course of the fellow employee's employment."
As such, All America argued that because Levans obtained workers' compensation coverage and because Levans and Scott were in the course of their employment at the time of the accident, the exclusions precluded coverage. Levans, on the other hand, argued that they were not in the course and scope of employment at the time of the accident and, therefore, All America should provide primary coverage for the injuries, above the coverage provided by American Select.
The trial court held that the BWC's finding that Levans was in the scope of his employment is conclusive on that issue. The trial court additionally held that, based on the facts and circumstances in this case, the accident occurred in the course and scope of Scott's and Levans' employment and was thus barred by the policy exclusions.
Levans timely appealed the judgment of the trial court and raises the following assignments of error:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO ALL AMERICA INSURANCE BY FINDING THE DETERMINATION OF THE BUREAU OF WORKER'S COMPENSATION BINDING.
 "THE TRIAL COURT ERRED IN FINDING THAT NO GENUINE ISSUE OF MATERIAL FACT REMAINED CONCERNING WHETHER THE ACCIDENT OCCURRED WHILE IN THE COURSE AND SCOPE OF EMPLOYMENT."
 ANALYSIS
In order to obtain coverage through All America, Levans argues that he and Scott were not acting in the course of their employment at the time of the accident. Hence, after having successfully sought workers' compensation, Levans now completely changes his position with respect to whether he was acting within the course of his employment at the time of the accident.
The Ohio Supreme Court has stated that "[a]s the [Industrial Commission] is the body cloaked with exclusive authority to compensate workers for work-related injuries, its determination * * * that an injury was occasioned during the course of the claimant's employment must * * * be honored." Kaiser v. Strall (1983), 5 Ohio St.3d 91, 94. The facts inKaiser are different from the instant case insofar as the plaintiff was attempting both to make a claim for workers' compensation and to sue the tortfeasor in a civil case. Nevertheless, the holding in Kaiser is binding.
Levans already successfully made a claim for workers' compensation benefits. As such, the determination that Levans was within the course of employment is binding. Accordingly, insofar as Matrix was held liable for workers' compensation benefits as to Levans, we find that the exclusion in the All America policy regarding workers' compensation applies in this case.
Levans argues that the issue concerns whether Scott's injuries were covered by workers' compensation, not Levans' injuries. As such, because there was no BWC determination with respect to Scott, Levans argues that the exclusion should not apply. We disagree. The issue is whether Levans should be indemnified under the All America policy and whether All America has a duty to defend Levans. Accordingly, we find that Levans' status at the time of the accident is determinative of coverage. In this case, Levans was acting within the course of his employment.
Accordingly, we find that All America was entitled to summary judgment on the declaratory judgment action and that Levans' motion for summary judgment was properly denied. Levans' first assignment of error is therefore found not well-taken.
Insofar as our ruling in the first assignment of error precludes coverage by All America, we find that Levans' arguments in the second assignment of error are rendered moot and therefore found not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Peter M. Handwork, J., Richard W. Knepper, P.J., Mark L. Pietrykowski,J., CONCUR.