JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant Eric Kimball appeals the trial court's summary judgment in favor of defendants-appellees Bryant's Forever Green, Inc. (Bryant's Forever Green), and John Bryant, owner. Kimball argues his status as an independent contractor entitles him to pursue his negligence claim against Bryant and his company. Bryant's Forever Green and Bryant, owner, argue immunity from suit because Kimball applied for and received workers' compensation for his injury. Kimball assigns the following errors for our review: 1. "The trial court erred in granting appellees' motions for summary judgment against appellant's claim of negligence since (1) the material facts demonstrate that appellant was an independent contractor, (2) appellees' motions rest entirely upon affirmative defenses that appellees had waived, and (3) appellant did not "elect the remedy" of the BWC." 2. "The trial court erred in granting appellees' motion for summary judgment against Kimball's claim for employer intentional tort."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} John Bryant's Company, Bryant's Forever Green, Inc., contracted with a property owner to remove a tree. Bryant's company ordinarily performed landscaping. However, Bryant had an agreement with Kimball that from time to time Kimball would remove trees at a salary of $35 an hour and $11 for landscaping. Kimball had his own tools and presented himself as knowledgeable in the area of tree removal. Kimball also agreed no taxes would be deducted for this work and he would determine how the trees would be removed.
 {¶ 4} During the removal of this tree, Kimball suffered an injury. The injury occurred when Kimball's saw became wedged in the tree trunk. In attempting to help free the saw, Bryant, operating a tractor, pushed the tree trunk and freed the saw. Kimball retrieved the saw and was walking away when the tree trunk slipped from the tractor and fell on Kimball. Kimball sustained a fractured pelvis, five broken vertebrae, and nerve damage to both legs.
 {¶ 5} During Kimball's hospitalization, Bryant's company filed for workers' compensation on Kimball's behalf. Bryant explained that immediately upon the injury, his company contacted his lawyer who advised them to file for the benefits.
 {¶ 6} At no time did Kimball return the benefits or ask that they be stopped. In fact, he subsequently applied for permanent disability.
 {¶ 7} Kimball's first negation of the workers' compensation came at the time of the filing of his lawsuit, wherein he argued status as an independent contractor.
 {¶ 8} Bryant and his company moved for summary judgment, which the trial court granted.
 {¶ 9} The facts of this case are not in dispute; rather, what law applies and its interpretation is in dispute. In matters of summary judgment, we review the case de novo.[1] As such, we are not required to give deference to the trial court's ruling. The presumption is that both the trial court and this court know the applicable law. Summary judgment is a procedural device designed to terminate litigation and avoid a trial where there is nothing to try.[2]
 {¶ 10} In his first assigned error, Kimball argues he is an independent contractor; Bryant and his company waived the right to claim immunity; and he never elected the workers' compensation remedy. As a matter of law, Kimball is precluded from bringing a negligence action against either Bryant or his company. The facts demonstrate Kimball received workers' compensation benefits as a result of the injuries he suffered. Consequently, he is precluded from maintaining a negligence suit against Bryant or his company.[3] In Kaiser, the Ohio Supreme Court made it clear that the issue is whether the injured worker is eligible for workers' compensation benefits.[4] If he is, he is precluded from any other remedy, except an intentional tort claim.[5]
Here, it is undisputed the commission ruled Kimball's injuries compensable.
 {¶ 11} Nevertheless, Kimball argues because he did not make the application for the benefits, he has not voluntarily elected to receive them; therefore, a question of fact exists as to his voluntary application for the benefits. In Kaiser, the injured employee had not negotiated her workers' compensation benefits check, "trying to reject any benefits inuring from the commission's award." In Kaiser, the Ohio Supreme Court concluded the issue is whether one's injury is found to be compensable, not whether she accepted the benefits. Once one's injuries have been found by the commission to be compensable, statutory immunity is thereby activated.[6]
 {¶ 12} In this case, not only did Kimball receive the benefits and his medical bills were paid, but he later applied for permanent disability. Consequently, we agree with the First District in a factually different case wherein that court reached the conclusion that one may not "avoid statutory immunity given to complying employers under R.C. 4123.74
by later claiming appellee is not really his employer."[7] Here, Kimball may not avoid the impact of statutory immunity by claiming he is an independent contractor. The status of an injured worker is irrelevant. The relevant inquiry is compensability.
 {¶ 13} Kimball also argues Bryant and his company waived the affirmative defenses of collateral estoppel and election of remedies because they failed to plead them in their answer to his complaint. Bryant and his company's joint answer to the complaint asserted immunity from suit pursuant to Ohio R.C. § 4123.74 and 4123.741, and Article2, Section 35, of the Ohio Constitution. This is sufficient to assert the claim of statutory immunity.
 {¶ 14} Finally, Kimball argues a genuine issue of fact exists as to whether he elected workers' compensation benefits. We disagree. It is undisputed the commission found Kimball's injuries compensable. Consequently, he is precluded from bringing a negligence claim. Therefore, Kimball's first assigned error is overruled.
 {¶ 15} Kimball's second assigned error argues his employer committed an intentional tort and is, therefore, liable for his injuries.
 {¶ 16} The following elements are necessary to establish the elements of an intentional tort:
 {¶ 17} (1)Knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition with its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm will be substantially certain; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.[8]
 {¶ 18} The relevant inquiry for us is whether the employer has knowledge that by performing the required act, harm to the employee would be a substantial certainty. At best, Kimball shows that both he and Bryant undertook the removal of the saw from the tree using both their knowledge of the risk involved. The result was an unfortunate accident, not an intentional tort. Kimball's second assigned error is overruled.
Judgment affirmed.
JAMES J. SWEENEY, J., concur; TIMOTY E. McMONAGLE, J., concurs injudgment only.
[1] Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
[2] Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1.
[3] Kaiser v. Strall (1983), 5 Ohio St.3d 91.
[4] Id. at p. 92.
[5] See Jones v. VIP Development (1984), 15 Ohio St.3d 90,472 N.E.2d 1046.
[6] Id. at 93.
[7] Wilson v. Arthur Brand Const. (July 2, 1997), Hamilton App. C-960775.
[8] See Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115.