JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs Kathleen Moore and Stephanie Ravenna-Campbell appeal from the judgment of the trial court that entered summary judgment for defendant Tanya Phillips in plaintiffs' action for workers' compensation benefits. For the reasons set forth below, we affirm the judgment below as to both plaintiffs.
 {¶ 2} While en route from Mighty Maids Inc.'s home office to their cleaning assignments, plaintiffs Moore and her passenger, Ravenna-Campbell, were struck by a vehicle operated by their coworker, defendant Phillips. Following the collision, Moore called Joyce Culmer, general manager of Mighty Maids, who instructed the parties to proceed to their respective assignments. Plaintiffs filed suit against Phillips and John Doe, an unidentified employee of Mighty Maids, on December 24, 2002. Defendant denied liability and asserted, inter alia, that plaintiffs' claims were barred by the immunity provisions of Ohio's Workers' Compensation statutes.
 {¶ 3} Defendant moved for summary judgment and asserted that she was entitled to fellow-servant immunity under 4123.741. Defendant asserted that Ravenna-Campbell had been awarded workers' compensation benefits in connection with the collision. Defendant also demonstrated that the bureau denied Moore's claim because she reportedly testified that she had not been injured in the collision.[1] Defendant further demonstrated that the bureau had awarded Moore benefits for a previous Mighty Maids-related collision in 1999.
 {¶ 4} In opposition, plaintiffs insisted that defendant was not in the course of her employment with Mighty Maids at the time of the collision and therefore could not invoke fellow-servant immunity. Plaintiff Moore further argued that this statutory defense is not applicable as to her because her workers' compensation claim was denied. In support of the motion, Moore averred that she and defendant were not driving Mighty Maids-owned cars, that Mighty Maids did not pay them during travel time, Mighty Maids had no control over their cleaning procedures, and that Mighty Maids had no control over the workers' transportation.
 {¶ 5} The trial court subsequently determined that defendant was entitled to judgment as a matter of law. Plaintiffs now appeal and assign the following error for our review:
 {¶ 6} "The trial court committed prejudicial error when it granted Defendant's Motion for Summary Judgment."
 {¶ 7} Within this assignment of error, plaintiffs maintain that under the "coming-and-going rule," defendant was not in the service of Mighty Maids at the time of the motor vehicle collision and therefore not entitled to fellow-servant immunity. Plaintiff Moore further asserts that the fellow-servant doctrine is inapplicable as to her since her workers' compensation claim was denied.
 {¶ 8} With regard to procedure, we note that a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahilav. Hall (1997), 77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Id. In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ.R. 56(E); Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact for trial. Vahila v. Hall, supra. If the party does not so respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Summary judgment, if appropriate, shall be entered against the non-moving party. Jackson v.Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52,567 N.E.2d 1027, 1031.
 {¶ 10} With regard to the substantive law, we note that R.C. 4123.741
provides:
 {¶ 11} "No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."
 {¶ 12} Similarly, in Kaiser v. Strall (1983), 5 Ohio St.3d 91,449 N.E.2d 1, held:
 {¶ 13} "A party who is injured as a result of a co-employee's negligent acts, who applied for benefits under Ohio's workers' compensation statutes, and whose injury is found to be compensable thereunder is precluded from pursuing any additional common-law or statutory remedy against such co-employee."
 {¶ 14} The fellow-employee's immunity is conditioned upon a determination that the injured employee is entitled to workers' compensation. Thiel v. Allstate Ins. Co. (1986), 23 Ohio St.3d 108,491 N.E.2d 1121. The rule also reflects deference to the bureau. See,Kaiser v. Strall, supra, wherein the Court stated:
 {¶ 15} "As the commission is the body cloaked with exclusive authority to compensate workers for work-related injuries, its determination * * * that an injury was occasioned during the course of the claimant's employment must * * * be honored."
 {¶ 16} In this matter, the record demonstrates, with regard to plaintiff Ravenna-Campbell, that she applied for workers' compensation benefits, her claim was determined to be compensable and was granted, and she receives workers' compensation in connection with the injury which is the subject of this action. Accordingly, Ravenna-Campbell is precluded from pursuing any additional common-law or statutory remedy against her co-employee Phillips. The bureau's determination that her injury was occasioned during the course of her employment must be honored, Kaiserv. Strall, supra, and Ravenna-Campbell may not dispute that determination in order to defeat application of the fellow servant rule.
 {¶ 17} The record further reveals, with regard to plaintiff Moore, that she made a claim for benefits but the bureau denied the claim after concluding that "the testimony of both the claimant and [employer's representative] that, on 2/15/01, claimant told employer's representative that she was not injured in the 1/29/01 motor vehicle accident." Accordingly, from the state of the record, the bureau has clearly determined that the collision which is the subject of the instant lawsuit occurred in the course of employment with Mighty Maids and awarded benefits for the injured party, Ravenna-Campbell, but noted that Moore was not injured. This award unquestionably establishes that the bureau determined that the accident, which is the subject of this litigation, occurred "in the course of" and "arises out of" the employment relationship so as to constitute a compensable injury under R.C.4123.01(C). Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277,551 N.E.2d 1271, 1274.
 {¶ 18} Plaintiffs raise the additional argument that the accident cannot be considered compensable under the workers' compensation statutes because defendant was a fixed-situs employee and the accident occurred while going to a work assignment. Generally, "an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between injury and the employment does not exist." MTD Products, Inc. v. Robatin
(1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, 663, citing Bralley v.Daugherty (1980), 61 Ohio St.2d 302, 401 N.E.2d 448. In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer. Ruckman v. CubbyDrilling (1998), 81 Ohio St.3d 117, 689 N.E.2d 917, citing Indus. Comm.v. Heil (1931), 123 Ohio St. 604, 606-607, 176 N.E. 458, 459.
 {¶ 19} Employees who are dispatched to their employer's customers to perform services in accordance with the customer's requirements are not fixed-situs employees. See Fletcher v. Northwest Mechanical Contractors,Inc. (1991), 75 Ohio App.3d 466, 599 N.E.2d 822. In Fletcher, supra, the court stated:
 {¶ 20} "[W]hen the employer's business is such that traveling was an integral part of the contract between the employee and the employer, the risk of accident during travel was a risk interrelated with the nature of that employment. Such a case does not involve the ordinary employment situation; rather, the employer contracts with the employee to perform services for the employer's customers at a designated time and place and contracts with the customer to dispatch someone to perform the services at that time and place. The employee, therefore, is not just a worker, but a worker to be dispatched in accordance with the customer's order, and the trip to work can be regarded as a necessary and required part of his employment." Id., citing Jackson v. Long (La.App. 1974), 289 So.2d 205.
 {¶ 21} In accordance with the foregoing, there is no genuine issue of material fact and defendant Phillips was entitled to judgment as a matter of law. The parties were directed to various job sites depending upon the location of the customers. While the crews met at the home office, they drove to the designated locations together at the time of the collision. The lower court therefore did not err insofar as it rejected the contention that these parties are fixed-situs employees.
 {¶ 22} The assignment of error is without merit.
Judgment affirmed as to both plaintiffs.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Gallagher, J., Concur.
[1] In relevant part, the hearing officer concluded:
"[T]he testimony of both the claimant and [employer's representative] that, on 2/15/01, claimant told employer's representative that she was not injured in the 1/29/01 motor vehicle accident."