[Cite as *Merimee v. Wildner*, 2021-Ohio-2033.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL T. MERIMEE,                    :

    Plaintiff-Appellant,          :

                               No. 109980

    v.                             :

SYLVIA A. WILDNER, ET AL.,             :

    Defendants-Appellees.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 17, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-912765

---

### *Appearances:*

Consolo Law Firm, L.P.A., Frank Consolo, and Horace F. Consolo, *for appellant.*

Patrick S. Corrigan, *for appellees.*

SEAN C. GALLAGHER, P.J.:

{¶ 1}   Michael T. Merimee appeals the trial court's decision granting summary judgment in favor of Sylvia Wildner and Sue Delaney (collectively

"defendants") upon Merimee's negligence claims that stem from his fall from a second-story balcony in October 2015. For the following reasons, we affirm.

{¶ 2} Merimee worked for Neubert Painting, Inc., which entered into a contract with the defendants to paint the exterior of their home. Merimee had been employed by Neubert for at least a year before the accident. The scope of the work at the defendants' home included scraping, priming, and painting all exterior components, including the wood railing installed on the second-story balcony. The defendants had not used the balcony more than a couple times since 2004, when they purchased the property, and neither had noticed any issues with the railing besides the need for painting.

{¶ 3} On the day of the accident, Merimee was responsible for preparing and painting the railing on the second-story balcony. As Neubert employees and an expert testified, the standards in the painting industry, and how Neubert employees are instructed, required painters to place a ladder or scaffolding up against the balcony and paint the railing from the outside of the balcony, so that the painter was facing the work area and safely standing with three secure points of contact on a surface they secured, while performing the work. Merimee, instead, placed a ladder against the wall adjacent to the balcony and stepped over the railing to stand on the balcony. When he was painting the wooden rails, he bent over the railing and reached down, leaning over and on the railing. He believed this process of hanging upside down to reach the lower portions of the railing to be more efficient than setting up the ladder and moving it as he worked his way across the railing. At no

time during this process did Merimee notice any damage to the railing, nor did he discover any signs of rotten wood or loose connections while scraping the railing. However, he acknowledged his failure to check the railing for strength — claiming he was not placing all his weight on the railing anyway.

{¶ 4} According to Merimee, as he was reaching over the railing to paint the lower part, the railing gave way. Merimee fell 12-15 feet to the ground, severely breaking both arms.

{¶ 5} Further inspection of the railing revealed two rusted screws on the balcony flooring that had secured the railing post to the balcony surface from underneath the decking. The posts had some signs of internal rot that caused the screws to give way but showed no outward evidence of its decaying state. Based on that incident, Merimee filed for workers' compensation, but the claim was denied, based primarily on the fact that Merimee was under the influence of, and admitted to smoking, marijuana before arriving at work on the day of the accident. The trial court granted judgment, under Civ.R. 56, in favor of the defendants based on the argument that the defendants owed no duty to warn Merimee, who was an independent contractor, of the danger associated with the railing or painting a second-story structure.

{¶ 6} Summary judgment rulings are reviewed de novo, and appellate courts apply the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Appellate courts accord no deference to the trial court's decision and independently review the record to determine

whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and that conclusion is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 7} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 8} "In order to validly raise a negligence claim in Ohio a plaintiff is required to show that defendant owed a duty to plaintiff, breached that duty, and that plaintiff sustained an injury that directly and proximately resulted from the breach of duty." *Linker v. Xpress Fuel Mart, Inc.*, 7th Dist. Mahoning No. 17 MA 0172, 2018-Ohio-5404, ¶ 9, citing *Menifee v. Ohio Welding Prods. Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). The existence of a duty in a negligence action is a question of law. *Id.*, citing *Laughlin v. Auto Zone Stores, Inc.*, 7th Dist. Mahoning No. 08 MA 10, 2008-Ohio-4967, ¶ 11. In order to establish negligence, Merimee must establish the existence of a duty, that the duty was breached, and that

an injury resulted from the breach. *Salvati v. Anthony-Lee Screen Printing, Inc.*, 2018-Ohio-2935, 117 N.E.3d 950, ¶ 3 (8th Dist.), citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). In resolving "whether a duty exists in the context of premises liability that question depends, in part, on the reason plaintiff has entered the property." *Linker* at ¶ 9.

{¶ 9} In this case, it is undisputed that Merimee was an independent contractor entering the premises with the purpose to provide services to the defendants, services which are considered inherently dangerous. "An independent contractor who is working on the premises and is not a trespasser is a business frequenter." A*nderson v. Snider Cannata Co.*, 8th Dist. Cuyahoga No. 91801, 2009-Ohio-4363, ¶ 20-21, citing *Alapi v. Colony Roofing, Inc.*, 8th Dist. Cuyahoga No. 83755, 2004-Ohio-3288.

> "The duty owed to frequenters, i.e., including employees of other companies, is no more than a codification of the common-law duty owed by an owner or occupier of premises to invitees, requiring that the premises be kept in a reasonably safe condition, and that warning be given of dangers of which he has knowledge."

*Id.*, quoting *Eicher v. United States Steel Corp.*, 32 Ohio St.3d 248, 249, 512 N.E.2d 1165 (1987). If the frequenter is the employee of an independent contractor, the duty does not extend to hazards that are inherently and necessarily present because of the nature of the work performed. *Id.*, citing *Eicher* (painter hired to paint on a construction project enters an inherently dangerous work area such that the landowner was not liable for the painter's fall down an open staircase on the construction site).

**{¶ 10}** Work is "inherently dangerous" when it "creates a peculiar risk of harm to others unless special precautions are taken." *Pusey v. Bator*, 94 Ohio St.3d 275, 279, 2002-Ohio-795, 762 N.E.2d 968. When the work to be performed is inherently dangerous, the owner of the premises generally owes no duty to an independent contractor. As has been long held,

> where an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor.

*Wellman v. E. Ohio Gas Co.*, 160 Ohio St. 103, 113 N.E.2d 629 (1953), paragraph one of the syllabus. Thus, there is no duty owed when the independent contractor or its employee is hired to perform inherently dangerous work because the worker is or should be aware of the intrinsic risk associated with the work. *Solanki v. Doug Freshwater Contracting, Inc.*, 7th Dist. Jefferson No. 06-JE-39, 2007-Ohio-6703, ¶ 44.

**{¶ 11}** If, however, the independent contractor is injured outside the actual performance of the task for which he is hired, the owner's duty remains intact and the inherently dangerous work exception to negligence does not apply. *Salvati,* 2018-Ohio-2935, 117 N.E.3d 950, at ¶ 4. It is generally accepted in those situations that the owner of the premises owes a duty to an independent contractor in situations in which the owner has actual or constructive notice of a dangerous condition that the independent contractor lacks. *Id.*, citing *Davis v. Charles Shutrump & Sons Co.*, 140 Ohio St. 89, 42 N.E.2d 663 (1942), paragraph one of the

syllabus. "Such an invitee may recover when the injury results '* * * by reason of the abnormally dangerous condition of the premises, only if the principal employer has, and the servant has not, actual or constructive notice of the existence of such condition.'" *Id.,* quoting *Eicher* at 249 and *Davis* at paragraph one of the syllabus.

{¶ 12} For example, in *Salvati*, the independent contractor was hired by the premises owner to erect walls around a compressor with an exposed fan to create a separate room. *Id.* at ¶ 1. The enclosure was not adequately lit when completed because the electricians were scheduled to finish that aspect after the construction of the room was completed. The injury occurred when the plaintiff inspected his finished work, unbeknownst to the owner. *Id.* at ¶ 7. Believing the fan to be off due to the temperature of the room and being unable to see, the plaintiff stuck his hand out to feel for moving air. *Id.* The fan was operating and caused extensive injury to the plaintiff's hand. *Id.* In concluding that the owner owed no duty to the plaintiff, it was recognized that the plaintiff conceded foreknowledge of the danger posed by the dimly lit room and the uncovered fan. *Id.* According to the *Salvati* court, "[t]he evidence leaves no question that [the plaintiff] knew and appreciated the risk associated with the unguarded fan * * *" and accordingly, he was charged with knowledge of the danger such that the owner had no duty to warn. *Id.* at ¶ 8.

{¶ 13} In this case, the danger posed by falling from the second-story balcony was intrinsic to the work Merimee, through his employer Neubert Painting, was hired to undertake. As a matter of law, since Merimee was undertaking an inherently dangerous job as an independent contractor, the defendants owed no

duty to him such that their knowledge of the potential for the decaying state of the railing is irrelevant. Since there is no duty owed to Merimee, there can be no breach.[1]

{¶ 14} Even if we considered Merimee's claim that painting elevated structures is not inherently dangerous work, the sole question for review, the resolution of which turns on issues of law and not fact, is whether the defendants had constructive or actual notice of a danger that Merimee did not. *Salvati*, 2018-Ohio-2935, 117 N.E.3d 950, at ¶ 4.

{¶ 15} As in *Salvati*, Merimee was aware of the dangers of painting the second-story balcony through reliance on the railing to secure his safety since his own testimony demonstrated that he did not intend to rely on the railing to carry the entirety of his weight. At his deposition, he expressly stated that he only placed "some" of his weight on the railing, demonstrating that he was aware of the dangers associated with painting the railing in that manner and Merimee conceded that the prescribed method for painting an elevated surface required setting up a ladder or scaffolding to face the work area — a method he consciously rejected on the day in question. As a matter of law, the defendants owed no duty to warn Merimee of the dangers associated with painting elevated areas of a home by bending over the safety

---

[1] Although Merimee goes into great detail about the defendants' apparent knowledge of the dilapidated state of the railing, their knowledge is irrelevant to the question of whether a duty was owed. Knowledge of the danger is relevant to the issue of whether a breach of a duty occurred, which presumes the existence of a duty. Further of note, the fact that Merimee was under the influence of a controlled substance is similarly irrelevant because comparative negligence is an issue of causation and that does not impact the establishment or obviation of a duty owed. We, therefore, are not considering Merimee's use of marijuana at this juncture.

railing instead of placing a ladder against the structure. Their knowledge of the danger was not superior to or unknown by Merimee.

{¶ 16} The trial court did not err in granting summary judgment in favor of the defendants upon all claims. As an independent contractor, Merimee was owed no duty to be warned of the dangers associated with hanging upside down over a railing to paint an upper-story surface. The danger of falling while painting an elevated area of a residential home is intrinsic to the work Merimee was hired to perform, obviating any duty to warn by the owners. Summary judgment was properly entered against Merimee upon all claims. We affirm.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR